**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Marilyn Bermudez,<br><br>            Plaintiff,<br>v.<br><br>Diversified Consultants, Inc.; and<br>DOES 1-10, inclusive,<br><br>            Defendants. | Civil Action No.: 1:11-cv-10201 (RGS)<br><br>**FIRST AMENDED COMPLAINT** |

For this Complaint, the Plaintiff, Marilyn Bermudez, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Marilyn Bermudez ("Plaintiff"), is an adult individual residing in Springfield, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Diversified Consultants, Inc. ("Diversified"), is a Florida business entity with an address of 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida, 32256, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Diversified and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Diversified at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      The Plaintiff incurred a financial obligation (the "Debt") to T-Mobile (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Diversified for collection, or Diversified was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Diversified Engages in Harassment and Abusive Tactics

12.     Due to financial hardship Plaintiff suspended her service with T-Mobile and failed to pay a cancellation fee. In January, 2011 Plaintiff contacted T-Mobile and informed T-

Mobile that she wanted to re-open her account. T-Mobile advised Plaintiff to contact Diversified, who was handling her delinquency.

13. Plaintiff called Diversified and spoke to a "Julio Rodriguez". Mr. Rodriguez stated that if the Plaintiff paid $ 330.00 the Debt would be settled and T-Mobile would renew her service.

14. Plaintiff gave Mr. Rodriguez her bank account number and authorized Defendants to withdraw $ 330.00 in two increments.

15. After the money was withdrawn Plaintiff contacted T-Mobile and inquired if she could resume her cellular phone service.

16. T-Mobile informed Plaintiff that the Debt was not paid and she owed an additional $ 900.00.

17. Plaintiff called Defendants and was told that Mr. Rodriguez misinformed her and she still owed some money.

18. Defendants said they would continue to withdraw money from Plaintiff's bank account.

19. The Defendants also used extremely abusive language when speaking with the Plaintiff.

20. When the Plaintiff objected, Defendants' representative responded, "Don't interrupt me you fucking bitch!"

C. **Plaintiff Suffered Actual Damages**

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

24.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

28.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

30.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

32. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

34. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

35. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Massachusetts.

36. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 16, 2011

                      Respectfully submitted,

                      By   /s/ Sergei Lemberg

                      Sergei Lemberg (BBO# 650671)
                      LEMBERG & ASSOCIATES L.L.C.
                      1100 Summer Street, 3rd Floor
                      Stamford, CT 06905
                      Telephone: (203) 653-2250
                      Facsimile:  (877) 795-3666
                      Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 16, 2011, a true and correct copy of the foregoing First Amended Complaint was served electronically by the U.S. District Court for the District of Massachusetts Electronic Document Filing System (ECF) and that the document is available on the ECF system.

                                         By /s/ Sergei Lemberg
                                               Sergei Lemberg